FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

2005 AUG 12 P 4: 58

In Re:

**ANNIE MAY PRESSLEY,**

**Debtor.**

**Case No. 3:04-cv-564-J-20-HTS**
**Bankruptcy Case Nos. 3:03-bk-10198-GLP**
**Proceedings Under Chapter 7**

_____/

## ORDER VACATING OPINION

The Debtor and the Creditor both filed Briefs concerning the Debtor's objections to the Bankruptcy Court's Order entered on August 19, 2004 that denied the Debtor's Motion for Stay Pending Appeal. Even though the parties fully briefed this issue, the Debtor never technically filed the proper papers with the Bankruptcy Court in order to initiate an appeal of the issue. Consequently, the matter briefed by both parties was not before this Court. Because this Court did not have jurisdiction over this issue, this Court's Opinion affirming the Bankruptcy Court's Order entered on August 19, 2004 that denied the Debtor's Motion for Stay Pending Appeal is hereby **VACATED** pursuant to the Mandate issued by the Eleventh Circuit Court of Appeals on June 9, 2005. In its Mandate, the Eleventh Circuit Court of Appeals noted two other substantive issues pending appeal.

This Court notes that in the Bankruptcy file, the Debtor filed an appeal on July 7, 2004 from the Bankruptcy Court's Order dated May 25, 2004, Reconverting the Case from Chapter 13 to Chapter 7. This Court also notes that the Debtor's appeal of the reconversion Order was properly filed in this District Court case, Case No. 3:04-cv-564, and the Debtor filed her Initial Brief (Doc. No. 6, filed on July 7, 2004). No responsive brief was ever filed by the Creditor, Wilshire, concerning

the reconversion issue on appeal in this case. Nevertheless, because it is ripe, the Court will resolve this appellate issue herein below, based on its merits.

The Court further notes that on July 17, 2004, the Debtor also apparently appealed the Bankruptcy Court's Order dated July 12, 2004, which granted Wilshire's Motion for Relief from Automatic Stay. However, the District Court Clerk never filed nor docketed such appeal, and there is no record at all of such appeal in the District Court even though the Bankruptcy Court Clerk's Office processed the papers. Therefore, this Court never knew that such issue had been appealed, and apologizes for any confusion caused by this clerical error. Furthermore, adding to the confusion is the fact that this issue was never briefed by either party. Due to a lack of prosecution, the Debtor's appeal of the July 12, 2004 Order, which granted Wilshire's Motion for Relief from Automatic Stay, is **DISMISSED.**

Regarding the Debtor's remaining appellate issue contesting the Bankruptcy Court's Order of reconversion, this District Court has carefully reviewed the Debtor's Brief (Doc. No. 3, filed on July 7, 2004) and the Bankruptcy Court's record. In her Brief, the Debtor contends that there is no law allowing a reconversion, that she was denied due process rights when the court reconverted her case, and that she was denied a confirmation hearing.[1] The standard of review with respect to issues of law is de novo. In re Goerg, 930 F.2d 1563, 1566 (11th Cir. 1991).

The bankruptcy record reflects that the Debtor initially filed a voluntary bankruptcy petition under Chapter 7. Thereafter, the Debtor filed a Motion to Convert to Chapter 13, which was

---

[1]  In addition, the Debtor's Brief conclusively mentions that she was denied a confirmation hearing. However, the docket of the bankruptcy record reflects that, upon the Debtor's filing of the Chapter 13 Plan, the Creditor filed an Objection to the Confirmation of the Plan (BR Doc. No. 41, filed on April 23, 2004) to which the Debtor filed a Response (BR Doc. No. 45, filed on May 5, 2004). Before the issue concerning confirmation was resolved, the Bankruptcy Court granted the Trustee's Motion to Reconvert the bankruptcy case to Chapter 7. Therefore, there is no order denying a confirmation hearing, and such issue is not relevant here nor properly before this Court on appeal.

granted.  Because the Debtor then failed to make interim payments under the Chapter 13 Plan, the Chapter 13 Trustee filed a Motion to Reconvert to Chapter 7 (BR Doc. No. 46).  The Trustee's Motion to Reconvert included a Notice of Hearing and was filed one full month prior to the hearing. The Motion and Notice of Hearing includes a Certificate of Service, certifying that a copy was mailed to the Debtor on April 20, 2004.  The record shows, therefore, that the Debtor was given proper notice prior to the reconversion.  After a hearing, the Bankruptcy Court entered an Order on May 25, 2004, reconverting the bankruptcy from Chapter 13 back to Chapter 7.  The Order expressly states that a hearing on the matter had been held.  The Debtor's contention that her right to due process was violated is refuted by the bankruptcy record.

The Order that was entered granting the Trustee's Motion to Reconvert back to Chapter 7 (BR Doc. No. 48) is the Order that remains pending.  This set of circumstances is strikingly similar to those in Carson v. First Federal Savings and Loan Association, 32 B.R. 733 (Penn. 1983). Although the case is from another jurisdiction, that district court applied 11 U.S.C. § 1307(c) and affirmed the bankruptcy court's order granting the creditor's motion for reconversion from Chapter 13 back to Chapter 7 due to the debtor's failure to perform one of the causes listed in the statute.

Likewise, in this case, statutory cause for the reconversion in accordance with 11 U.S.C. § 1307(c) exists due to the Debtor's failure to make payments under the Chapter 13 Plan.  11 U.S.C. § 1307(c) provides that "on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter [13] to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including . . . (4) failure to commence making timely payments under section 1326 [i.e., the Chapter 13 Plan] of this title."  Consequently, this Court finds that, in accordance with the law, the Debtor was given proper notice, and a hearing was held prior to the Bankruptcy Court's Reconversion Order.  Accordingly, this Court finds that the Bankruptcy Court properly applied the

law, and its Order Reconverting the Case back to Chapter 7 is fully substantiated, far from an abuse

of discretion and is **AFFIRMED**.

There are no appellate issues remaining in this case, and the Clerk, therefore, is directed to

close this file.

**DONE AND ORDERED** at Jacksonville, Florida this _12th_ day of August, 2005.

HARVEY E. SCHLESINGER
**United States District Judge**

Copies to:

United States Bankruptcy Court, Middle District of Florida
Annie Mae Pressley, *pro se*
Mamie L. Davis, Trustee
Roy A Diaz, Esq., Atty. for Creditor
Richard P. Cohn, Esq.